ENGSTRUM and another, Appellants, vs. SENTINEL COMPANY, Respondent.

*April 27—June 2, 1936.*

578

For the appellants there was a brief by *Cannon & Fox*, attorneys, and *A. W. Richter* of counsel, all of Milwaukee, and oral argument by *Mr. Richter*.

*Harry V. Meissner* of Milwaukee, for the respondent.

FRITZ, J.   The injury involved herein was sustained by Marian Engstrum while she was walking across East Wisconsin avenue about twenty-five feet east of its intersection with North Fourth street, in the city of Milwaukee, at 12:30 p. m., on Saturday, October 4, 1930.   At that time the vehicular and pedestrian traffic was very heavy at that intersection, which is in a busy retail business district.   Mrs. Engstrum was a graduate nurse, thirty-nine years of age, and in good health, and had also been employed as a saleslady.

In passing upon defendant's motion for a directed verdict, the trial court was required to construe the evidence most favorably to the plaintiffs.   Thus construed, it admitted of considering the following facts established: Immediately

prior to the accident, Mrs. Engstrum had stepped from the south sidewalk of East Wisconsin avenue at a point twenty-five feet east of the north and south crosswalk at the east side of the intersection of East Wisconsin avenue and North Fourth street. She proceeded northeastward to walk around the rear of a westbound streetcar standing east of that crosswalk on the north car track. The roadway between the curb lines on East Wisconsin avenue was fifty feet wide, of which seventeen and one-half feet were between the south curb and the south rail of a track for eastbound streetcars; five feet two inches were between rails of that track; and four feet six inches were in the dummy space between the north rail of that track and the south rail of the track for westbound cars. Mrs. Engstrum testified that, when she first saw the defendant's truck, she was four feet south of the south rail of the eastbound track, and the truck,—coming north on North Fourth street,—was turning eastward onto East Wisconsin avenue and had already reached a point east of the east curb of North Fourth street. She tried to throw herself out of the way by turning to the south, and was six feet south of the south rail just before the left front fender and bumper of the truck struck her right side. She also testified that after the collision she was lying on the rails of the eastbound track, opposite a point five feet west of the rear end of the vestibule of the stationary westbound streetcar. But a police officer testified that she was lying on the roadway, seven feet from the south curb, when he helped pick her up. The truck driver testified that he first saw her as she entered the truck's pathway by coming out from between two automobiles parked at the south curb, when the truck was but three feet from her, and that he traveled five feet after he first saw her. Skid marks two to three feet long, which were made by the truck's wheels, began thirty-eight feet east of the crosswalk.

The trial court held that Mrs. Engstrum's failure to yield the right of way to the defendant's truck while she was

crossing East Wisconsin avenue as a pedestrian, over twenty-five feet east of the marked crosswalk, was such a violation of sec. 85.44 (4), Stats., as to constitute negligence as a matter of law; and that her negligence in that respect was, under the existing facts and circumstances, a proximate cause of her injury, because of which neither she nor her husband can recover from the defendant.

The appellants contend that that ruling was erroneous. They claim that the failure of a pedestrian to yield the right of way to an automobile in violation of sec. 85.44 (4), Stats., does not constitute negligence as a matter of law, and that, even if it does, the court was not justified in holding that Mrs. Engstrum's failure was a contributing cause of her injury, as a matter of law.

Sec. 85.44 (4), Stats., which is entitled, "Pedestrian right of way forfeited when jaywalking," provides:

"Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

The language used in thus imposing upon every pedestrian crossing a highway elsewhere than at a marked or unmarked crosswalk the duty of yielding the right of way to vehicles is identical with that used in sec. 85.44 (1), Stats., which provides that:

"The operator of any vehicle shall yield the right of way to a pedestrian crossing the highway within any marked or unmarked crosswalk at an intersection. . . ."

In so far as identical language is used in those two subsections, the duty imposed thereby upon pedestrians and motorists, respectively, is equally absolute in each instance, and, when either one of them actually violates his absolute duty by failing to yield the right of way as the subsection applicable to him requires him to, there is no issue of fact as to whether such violation was due to any failure on the part of the

violator to exercise ordinary care. So, in applying sec. 85.44 (1), Stats., we said in *Edwards v. Kohn,* 207 Wis. 381, 385, 241 N. W. 331:·

". . . This statute imposes upon the drivers of automobiles the absolute duty of yielding to pedestrians on crosswalks, as therein defined, the right of way, and juries will not be permitted to find a compliance with this statute on the part of offending automobile drivers on the ground that such drivers were in the exercise of that degree of care that the great mass of mankind ordinarily exercises when acting under the same or similar circumstances. . . ."

As the corresponding duty of a pedestrian to yield the right of way, when he crosses elsewhere than at a marked or unmarked crosswalk, is expressed just as clearly and positively in sec. 85.44 (4), Stats., his duty to yield the right of way to a motorist under the condition stated therein is certainly just as absolute as is the duty of the latter, under sub. (1), sec. 85.44, Stats., to yield the right of way to a pedestrian crossing at the crosswalk; and the failure of either to perform his respective duty to yield the right of way conferred by those safety statutes upon the other user of the highway constitutes negligence as a matter of law on the part of the party in default. Even though, as appellants contend, the purpose in requiring a motorist to yield the right of way as prescribed in sub. (1), sec. 85.44, Stats., was the protection of pedestrians, and it was not the purpose to provide like protection to motorists by enacting sub. (4) of that section, that mere difference in purposes would not warrant disregarding the clear meaning of the identical, unambiguous, and explicit language which is used in each of those subsections.

It follows that in this case Mrs. Engstrum,—as we held in respect to the plaintiff in *Doepke v. Reimer,* 217 Wis. 49, 258 N. W. 345,—was negligent as a matter of law in failing to yield the right of way to a motorist upon the highway while she was crossing the street elsewhere than at a marked or unmarked crossing.

Appellants also contend that Mrs. Engstrum was not negligent as a matter of law because, as she had started to cross the street before the traffic control signals and the traffic officer at the intersection had changed the signal so as to authorize east and westbound traffic to move, vehicles so moving at that intersection were obliged to yield the right of way to her under sec. 85.44 (2), Stats., which reads:

"At intersections where traffic is controlled by traffic control signals or by traffic officers, operators of vehicles shall yield the right of way to pedestrians crossing or those who have started to cross the highway on a green or 'GO' signal, and in all other cases pedestrians shall yield the right of way to vehicles lawfully proceeding directly ahead on a green or 'GO' signal."

Obviously, by virtue of the words "at intersections," which appear at the outset in that provision, its terms are applicable only to yielding the right of way at intersections. They are not applicable to pedestrians crossing,—as Mrs. Engstrum was,—at a distance of twenty-five feet or more from an intersection. An attempt to construe that subsection so as to hold it applicable to a collision at a point that far from an intersection would result in nullifying sec. 85.44 (4), Stats., in so far as the latter expressly gives motorists the right of way in relation to pedestrians crossing elsewhere than at regular crosswalks. Even if there were any basis for any such conflicting construction, because of an ambiguity in sub. (2), sec. 85.44, Stats., or otherwise, the explicit provisions in sub. (4), sec. 85.44, Stats., which are clearly applicable to an accident at such a place as is involved herein, would control.

The court was warranted in holding that Mrs. Engstrum's failure to yield the right of way in violation of sec. 85.44 (4), Stats., was a contributory cause of her injury as a matter of law for the following reasons: She claims that, after stepping off the curb onto the roadway at a point twenty-five feet east of the crosswalk at the intersection, she had walked north-

eastward to a point four feet south of the south rail of the eastbound car track when she first saw the defendant's truck swinging around the corner at North Fourth street to a point east of the east curb line of that street. Consequently, she was then at least twenty-five feet plus part of the width of that north and south crosswalk from the truck when she saw that it was approaching. Before the truck traveled that distance, she, in order to perform her absolute duty of yielding the right of way to the truck, certainly could and ought to have moved at least a step or two to the north to enable it to pass between the south rail and an automobile parked along the south curb. There was nothing to prevent her from stepping northward into the five-feet wide space between the rails of the eastbound track and the four-and-one-half-feet wide dummy space between that track and the westbound track. However, instead of thus yielding the right of way to the truck, she, according to her testimony, moved southward two feet into its pathway before she was struck by its left fender. And the truck was stopped by defendant's driver two or three feet beyond her, with its right side about a foot from the left side of the parked car. Thus, it is obvious that she was injured because she,—instead of continuing northward at a time when she could have safely stepped out of the pathway of the truck,—suddenly turned southward and did not leave sufficient clearance for the truck to pass between her and the parked car. Under those circumstances, her failure to yield the right of way to the truck while she was crossing elsewhere than at the crosswalk was clearly a cause of her injury.

The decision in *Brewster v. Ludtke,* 211 Wis. 344, 346, 247 N. W. 449, is in point. In that case there was a dispute as to whether the pedestrian (who was killed) had kept a sufficient lookout to observe the approaching automobile. As it was her duty to maintain such a lookout as was reasonably necessary to enable her to yield the right of way to the car, we said: "Had she done so she would have seen the car and

been obliged to yield it the right of way. She was therefore as matter of law guilty of negligence that contributed to her death." As that pedestrian was guilty of contributory negligence, as a matter of law, in failing to yield the right of way to the automobile, when she would have seen it if she had maintained a proper lookout, Mrs. Engstrum was certainly likewise guilty of such negligence, as a matter of law, in failing to yield such right of way upon actually seeing that she was in the pathway of the approaching truck when it was about twenty-five feet from her. As the position which she had voluntarily assumed on the roadway,—twenty-five feet from the crosswalk,—certainly contributed to her injury, there is applicable the rule that "if the plaintiff's position increased the hazard of injury, and he was negligent or assumed the risk in taking his position, and injury resulted to him from his exposure, he is necessarily guilty of contributory negligence as matter of law." *Wiese v. Polzer*, 212 Wis. 337, 342, 248 N. W. 113.

*By the Court.*—Judgments affirmed.