MAUCH, Respondent, vs. CHICAGO, MILWAUKEE, ST. PAUL
& PACIFIC RAILROAD COMPANY, Appellant.

*May 18—June 21, 1938.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen*, attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser*.

For the respondent there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *John J. Devos*.

MARTIN, J.   At about 10:30 a. m., on February 4, 1933, the respondent, hereinafter referred to as the "plaintiff," was in the safety zone lying south of West Wisconsin avenue and immediately east of the northbound streetcar tracks on North Plankinton avenue in the city of Milwaukee, opposite the west entrance to the Gimbels Department Store.   This safety zone was about thirty feet long and three feet wide.   The distance between the east line of the safety zone and the east curb was six to eight feet.   The defendant's truck and another motor vehicle, a short distance ahead, were proceeding in a northerly direction on North Plankinton avenue, between the safety zone and the curb, approaching the intersection of West Wisconsin avenue.   The traffic officer on duty at the intersection blew one whistle indicating change of direction of traffic from north and south to east and west.   The first vehicle, that is the one immediately preceding defendant's truck, reached the corner and turned east on Wisconsin avenue before the officer blew the second whistle.   The plaintiff

stepped out of the safety zone between the two vehicles and started to walk to the east curb. She was struck by defendant's truck about twelve to fifteen feet south of the marked crosswalk. Plaintiff testified that the last time she saw the truck prior to the collision, she was still in the safety zone, and that the truck was then standing about fifteen feet away, at about the south end of the safety zone. She testified that she made no effort to watch the defendant's truck after she stepped into the zone of danger because "she thought she had the right of way." Defendant's truck was traveling at the rate of two or three miles per hour when it struck the plaintiff. The driver of the truck and his helper, who was riding with him when the accident occurred, both testified that the truck was only five or six feet from the plaintiff when she stepped out of the safety zone. The defendant's driver applied the brakes the instant plaintiff stepped out of the safety zone, and the truck stopped at the point of the collision, the plaintiff's shoe being temporarily caught under the front tire. The truck driver testified that he did not have time to blow his horn, that he could not turn to the right because of the east curb and he could not turn to the left without driving into the safety zone. Plaintiff testified that she had taken three or four steps from the position she had occupied in the safety zone before being struck. She further testified:

"I was not knocked down. The tire of the right front wheel was resting on my toes but light enough so I pulled my shoe out. . . . The truck stopped just as the tire reached my shoes. It stopped just as soon as it struck me."

The only witnesses to the accident were the plaintiff, the truck driver, and his helper. In its decision the circuit court said:

"The civil court correctly held that the plaintiff was guilty of contributory negligence as a matter of law. The fact that

the plaintiff was guilty of negligence as a matter of law did not dispose of the case. It left open the question of whether the defendant was also negligent; and if so the question of which party's negligence was greater than that of the other called for a determination by the jury."

The order of the circuit court granting a new trial is not a discretionary order. In *Rusch v. Sentinel-News Co.* 212 Wis. 530, 533, 250 N. W. 405, the court said:

"In the present action it clearly appears that the circuit court, after carefully examining the whole record, reversed the civil court and granted a new trial because it was of the opinion that the civil court erred in directing a verdict in favor of the defendant. The order granting a new trial was not a discretionary order and we are therefore not bound by the rule which requires us to affirm an order granting a new trial unless there has been, in our opinion, an abuse of discretion. We have therefore re-examined the whole record for the purpose of determining whether the civil court erred in directing a verdict as found by the circuit court."

The circuit court made no indication as to where any negligence on the part of the defendant might be found. It found plaintiff guilty of contributory negligence as a matter of law and then said:

"The fact that the plaintiff was guilty of negligence as a matter of law did not dispose of the case. It left open the question of whether the defendant was also negligent; and if so the question of which party's negligence was greater than that of the other called for a determination by the jury."

Of course, unless both parties are negligent, the comparative-negligence act does not apply. The negligence alleged is that the driver of the defendant's truck was careless and negligent, in that he failed to keep or maintain a proper lookout for persons on the highway upon which said truck was so being driven, failed and neglected to have said motor truck

under proper control, and failed and neglected to avoid striking and colliding with plaintiff. There is no claim of negligence with respect to speed. The only evidence in that regard is to the effect that the truck was traveling between two and three miles per hour when it collided with the plaintiff. It was brought to a stop at the point of impact. The plaintiff testified:

"The truck stopped just as the tire reached my shoes. It stopped just as soon as it struck me."

It is alleged that there was negligence as to control, but there is no evidence to support the allegation. The truck driver and his helper both testified that the truck was only five or six feet from the plaintiff when she stepped from the zone of safety into the zone of danger. She testified that from where she was standing in the safety zone, she had taken only three or four steps before being struck. Obviously, the plaintiff and the truck were proceeding at about the same rate of speed. The truck driver, upon seeing the plaintiff entering the zone of danger, applied the brakes and brought his truck to a very abrupt stop. The driver could not have turned to the right because of the curb, and he could not have turned to the left because of the safety zone. The truck driver upon first seeing plaintiff was entitled to rely to some extent upon plaintiff stopping and yielding the right of way. *Besser v. Hill,* 224 Wis. 211, 215, 271 N. W. 921. Both as to control and lookout, the decision in *Besser v. Hill, supra,* is in point. In the instant case, there is no evidence to make a jury issue as to the alleged negligence of the truck driver either as to control or lookout.

There is no allegation as to negligence with respect to right of way. The plaintiff assumed she had the right of way because of the traffic change at the street intersection from

north and south to east and west. Sec. 85.44 (4), Stats., provides:

*"Pedestrian right of way forfeited when jaywalking.* Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

It is conceded that plaintiff was struck while crossing the traffic lane twelve to fifteen feet south of the crosswalk, and she testified that she made no effort to watch the defendant's truck after she stepped into the zone of danger because "she thought she had the right of way." The change in traffic directions at the intersection did not give plaintiff a right of way over traffic at the place she was crossing the street. *Engstrum v. Sentinel Co.* 221 Wis. 577, 582, 267 N. W. 536.

After a careful consideration of the evidence and the circumstances as disclosed by the evidence, we conclude that the directed verdict granted by the civil court should have been affirmed.

*By the Court.*—The order granting a new trial is reversed, with directions that the judgment of the civil court dismissing the plaintiff's complaint on the merits be reinstated and affirmed with costs.