DE GOEY and another, Respondents, vs. HERMSEN and another, Appellants.

*November 6—December 5, 1939.*

For the appellants there was a brief by *Edward J. Byrne* of Appleton and *Lehner & Lehner* and *Adolph P. Lehner* of Oconto Falls, and oral argument by *Mr. Byrne* and *Mr. Adolph P. Lehner*.

*Allan C. Cain* of Little Chute, attorney, and *A. W. Parnell* of Appleton of counsel, for the respondents.

WICKHEM, J.    Defendants claim that the answers of the jury are not sustained by the evidence; that as a matter of law plaintiff Amelia De Goey was at least fifty per cent negligent; and that the damages are excessive.    The nature of the contentions requires a review of the facts.

Plaintiff Amelia De Goey, a married woman thirty-eight years of age, accompanied by her husband, drove to Little Chute about 7 o'clock in the evening on January 15, 1938. She parked her car on the south side of Main street.    Main street runs east and west, and parallel parking was the rule

upon that street. She and her husband intended to go to a theater located on the northwest corner of Main and Wilson streets, the intersection next east of the place where her car was parked. The direction of Wilson street is generally north and south. This street does, however, swing somewhat to the northwest and southeast, and hence does not intersect Main street precisely at right angles. The crosswalk extending from the northwest corner of Main street to the southwest corner, therefore, runs diagonally across the street. Plaintiff and her husband went to the theater but found that there were no seats available. They then left to return home, walked west on the north side of Main street, and when in the middle of the block or thereabouts walked out into the middle of the street in an open space between two parked cars, and proceeded across the road, plaintiff walking ahead and her husband two or three feet behind her. Plaintiff testified that she looked to the east as she left the sidewalk and saw defendant's car, but she did not know how far away it was or how fast it was being driven. As she came out from between the parked cars she again looked and then saw the lights of the car now much closer. As nearly as she could judge, it was then about two hundred feet away and proceeding at twenty miles per hour. She entered the street and walked a distance of twelve feet before being struck. She had about reached the center of the street when the accident happened, and her husband was two or three feet behind her. Just before she was struck she claims to have looked and to have observed defendant's car approaching at a southwesterly angle and at a high rate of speed. It appears to be conceded that just before the accident defendant swung his car to the south and tried to avoid plaintiff by driving onto the left side of the street.

The first question is whether Hermsen was negligent as to speed, lookout, and management of his automobile. Hermsen testified that he drove into town at the rate of thirty to thirty-five miles per hour; that at the top of a hill about half-

way between his home and the scene of the accident he reduced his speed to fifteen miles an hour; that at Wilson street he again reduced to from ten to twelve miles an hour, and that from Wilson street on he reduced his speed to six or seven or eight miles an hour; that when he was fifteen feet away from plaintiff, he was traveling at about five miles per hour and applied his brakes. Opposed to this testimony was that of plaintiff and her husband to the effect that the car when last seen was going "awful fast." Three disinterested witnesses testified that Hermsen's car immediately before the accident was traveling at about thirty to thirty-five miles an hour, although one testified to a slight slowing up of the car after passing the intersection. It seems obvious that this gives sufficient basis for a jury's finding of negligent speed. This was the main street of the village, and the speed testified to was both unreasonable and unlawful.

The jury found negligent lookout. No witnesses testified for plaintiff on this issue. Hermsen testified that he could see an object the size of a person about one hundred twenty-five feet ahead of his car, and that he saw the couple as he approached Wilson street. It is argued that if this testimony was true, it is likely that the collision could easily have been avoided, and that the fact that it was not warrants the inference that he did not see the couple. This seems to us wholly speculative in view of his speed and manner of control, and we hold that there was no jury question as to lookout.

With respect to management and control, the question is whether upon his own testimony that he saw the couple for one hundred twenty-five feet before the collision, defendant could not have been found by the jury to have been negligent in attempting to swing to the south of the center line of the highway rather than to brake his car and proceed to the north of them. We hold that the jury might find that he did not keep his car in proper control so that he could stop seasonably, or operate his car near the parked cars on his own side of the street, where he had room to avoid hitting plaintiff or

her husband. It is our conclusion upon the record that there was a jury question as to management and control.

We now come to the question of plaintiff's contributory negligence. Plaintiff deliberately chose to desert the crosswalk which gave her protection, and to walk across the street in the middle of the block. After walking not more than twelve feet she was struck by a car, the approach of which she had observed before entering the street. The question is whether findings that she was not negligent in so entering the street or in failing to yield the right of way to defendant can be sustained.

Sec. 85.44 (4), Stats., provides:

"*Pedestrian right of way forfeited when jaywalking.* Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

Defendants rely upon the case of *Engstrum v. Sentinel Co.* 221 Wis. 577, 267 N. W. 536. In that case Mrs. Engstrum left a sidewalk twenty-five feet east of the crosswalk and proceeded across East Wisconsin avenue, which is fifty feet wide, and when twenty-seven feet south of the north walk first saw defendant's truck turning from Fourth street onto East Wisconsin avenue. She tried to move out of the way and was twenty-nine feet south of the north curb when the left front fender and bumper of the truck struck her. The trial court held that plaintiff's failure to yield the right of way constituted negligence as a matter of law and was a proximate cause of the injury. This court held that if a pedestrian, walking across a street at a point other than a crosswalk, failed to yield the right of way to an approaching vehicle, that constituted negligence as a matter of law, and there could be no speculation as to whether under the circumstances due care was exercised or not.

The contention of plaintiff is that walking across the street at a point other than a crosswalk was not negligence as a matter of law, and could become so only if the surrounding cir-

cumstances other than the mere crossing at this point would warrant an inference of negligence. Plaintiff claims that her only statutory obligation was to yield the right of way to competing vehicles; that the jury had a right to believe that she had not in any way interfered with defendant's right of way; that defendant's right of way was along his right-hand side of the road; and that by the time he had arrived at a point where he would be in competition with plaintiff for this strip of the highway, plaintiff was in the center of the street. We agree with plaintiff that it is not negligence as a matter of law for a pedestrian to cross a street at a point other than a crosswalk. It is also true that a person so crossing the street who has passed the center of the street does not ordinarily have any problems with respect to yielding the right of way to drivers using the half of the highway that she has passed. But it is clear to us that plaintiff did not yield the right of way to defendant. Plaintiff had just arrived at the middle of the street when the accident took place, which means that she was some distance short of that when defendant had to take his measures to avoid the accident. Her husband was walking some distance behind her, and the net result was to claim rather than to yield the right of way at that point. They were in competition with defendant for the north half of the highway. It is no answer to attribute this competition to defendant's negligent rate of speed. This does not alter the fact or affect her absolute duty to yield the right of way. Under these circumstances plaintiff was guilty of negligence in this respect as a matter of law, and this negligence, as well as that in respect of lookout, should have been compared with that of defendant. We do not consider that the character of the negligence here involved is such as to warrant this court in holding as a matter of law that plaintiff's negligence was equal to or greater than that of defendant.

These considerations require that the judgment be reversed, and the cause remanded for a new trial. In view of

this, we see no occasion to consider defendants' claim that the award of damages was excessive.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.