LANGWORTHY, Respondent, vs. REISINGER and another, Appellants.

*May 21—June 22, 1946.*

For the appellants there was a brief by *McGowan & Geffs* of Janesville, and oral argument by *Jacob Geffs*.

For the respondent there was a brief by *Arnold, Caskey & Robson* of Beloit, and oral argument by *E. J. Caskey*.

FAIRCHILD, J. The record discloses that the collision occurred on Saturday, August 14, 1943, early in the evening. Broad street, on which the collision occurred, runs east and west, and is intersected by Pleasant street running north and south. Provision has been made for parking in the center of that part of Broad street west of Pleasant street. The north lane of Broad street is twenty-two feet wide and traffic moves

thereon only in a westerly direction. Respondent had purchased some groceries on Broad street at a store east of the intersection with Pleasant street. In returning to her automobile she crossed Pleasant street, walked west on Broad street about fifty-two feet, and then crossed to her parked car which was in the fourth parking space from the intersection. She was not crossing at a marked or unmarked crosswalk. Somewhere between the curb and the center of the street, she was struck by appellant Reisinger's automobile proceeding west on Broad street.

The appellant contends that the trial court was in error in entering judgment on the jury's verdict because, (1) there is insufficient credible evidence to sustain the finding of negligence on the part of appellant in respect to lookout, speed, and control and management; and (2) as a matter of law the respondent was at least as negligent as the appellant.

Appellant testified that he was traveling west on Broad street; that he stopped at the intersection with Pleasant street in order to let an automobile pass in front of him; that he then proceeded west. The sun was in his eyes and he was watching the cars parked in the center of the street to guard against anyone backing into the lane of traffic. He did not see respondent at any time before the collision. He also testified that he was traveling fifteen miles per hour and stopped within approximately twelve feet after the impact, and that he did not believe the impact caused the car to slow down any. The only other testimony as to the speed of the car was given by a witness who was walking east on the sidewalk on the north side of Broad street and who saw the appellant's car just before it struck respondent. He estimated the speed of the car at twenty miles an hour or more. But he also testified that the car traveled between six and eight feet after the impact. The investigating police officer estimated the speed of the car as between fifteen and twenty miles per hour. There is also a dispute as to the exact spot at which the collision occurred.

Appellant testified that he was proceeding closer to the middle of the street and the parked cars than to the curb, that when he got out of his car after the accident he was six to eight feet from the north curb and plaintiff was three to four feet from the curb. Respondent testified that she was at least one-half way across the twenty-two foot lane when she was struck.

It appears from a review of the testimony that the jury's finding of negligence as to lookout on the part of the appellant must be sustained. Although appellant was faced with a situation in which it was necessary to watch for cars backing into his lane of traffic from their parking spaces, nevertheless, it was incumbent upon him to keep a lookout within his own lane of traffic. The only practicable method of approaching one's parked car is by crossing in the middle of the block as respondent did. The evidence warranted the finding of failure of ordinary care as to lookout.

The question of whether there is sufficient credible evidence to sustain the finding of negligent speed on the part of appellant presents a question of greater difficulty. One witness estimated the speed at twenty miles per hour but at the same time testified that the car came to a stop within six to eight feet. According to charts of the motor vehicle department, under normal conditions, a distance of forty feet is required for stopping a car driven at twenty miles per hour, from the time the danger is first apprehended. Although the reaction time of a driver in applying his brakes after an impact of the type involved in this case may be greater than under ordinary circumstances, it is still inconceivable that he should be able to stop within six to twelve feet if he were traveling twenty miles per hour. Obviously, the judgment of the witness must have been faulty and his testimony not credible. There is no sufficient credible evidence from which a jury could find a speed of more than fifteen miles per hour. The speed limit was twenty-five miles per hour. Although under some circumstances a speed of fifteen miles per hour may be found to be

excessive (see *Post v. Thomas* (1942), 240 Wis. 519, 3 N. W. (2d) 344), in the case at bar we are of the opinion that the jury was not justified in finding the speed of the appellant causally negligent. It is difficult to see how the speed of the automobile is related to the collision. At fifteen miles per hour, with proper lookout and a clear vision for over two hundred fifty feet (as appears from the record), appellant would have had no difficulty in bringing his car to a stop. But having completely failed to see the respondent at all, a speed of fifteen miles an hour is not a proximate cause of the collision.

There does not appear to be any evidence upon which to sustain a finding of negligence as to management and control by the appellant. The testimony shows that he stopped within a reasonably short distance after the impact. There is no indication of any act or failure to act by appellant which could be characterized as negligent control. The dispute as to appellant's position on the highway is immaterial since, having failed to see respondent, there was no opportunity to avoid her. He was not violating the rules of the road by driving closer to the parked cars than to the curb and it is unrelated to the cause of the collision. The conclusion is inescapable that the sole cause of the accident was the failure of efficient lookout on the part of both appellant and respondent, coupled with respondent's negligence in failing to yield the right of way. The respondent has called attention to the case of *Doepke v. Reimer* (1935), 217 Wis. 49, 258 N. W. 345. In that case the plaintiff depended upon the stop light at the nearby intersection and calculated that she had sufficient time to pass beyond the zone of danger. There were circumstances in that case which distinguish it from the one now before us.

Although the apportionment of the respective degrees of negligence is generally for the jury and should seldom be interfered with by the court, where the negligence of both is of exactly the same nature and kind, the ruling must be, as a

matter of law, that each contributed fifty per cent to the cause of the accident. As the findings of the jury of negligence of appellant as to speed and management and control must be eliminated as a cause, it is apparent that the negligence of the parties is of the same nature. In addition there is another item of negligence attributable to the plaintiff. Although the methods of parking on Broad street made crossing at a point other than a crosswalk a practical and usual method of reaching one's parked car, nevertheless, the responsibility of yielding the right of way to passing motorists is still upon the pedestrian. This duty the respondent violated.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.