Kloss, Appellant, vs. American Indemnity Company and another, Respondents.

*October 12—November 16, 1948.*

For the appellant there was a brief by *Lecher, Michael, Spohn, Best &Friedrich,* attorneys, and *Herman E. Friedrich* and *Thomas S. Stone* of counsel, all of Milwaukee, and oral argument by *Mr. Friedrich* and *Mr. Stone.*

For the respondents there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

FAIRCHILD, J. Inasmuch as the learned trial judge directed a verdict for the defendant the principal question, presented on this appeal is, Was there sufficient evidence to warrant submitting the case to the jury?

Plaintiff's contentions are that defendant was negligent in four respects: (1) speed, (2) yielding the right of way, (3) control, and, (4) lookout. In his complaint he alleged that defendant was negligent in ten respects. However, he now puts forth only the four elements of negligence mentioned as the ones which under the evidence should have been submitted to the jury. Those are the items that we shall consider.

(1) Speed. The first item which plaintiff claims should have been submitted to the jury is the question of defendant's negligence as to speed. Plaintiff contends that defendant entered the intersection and hit his motorcycle while driving at an excessive rate of speed. Defendant testified that he was not sure how fast he was going but he "would assume fifteen miles an hour would be a good estimate." When defendant applied his brakes his tires made skid marks for eleven feet before he stopped. The skid marks of an automobile from the point where the brakes are fully applied,

correlated with the proved braking ratio of speed and distance, indicate, under the circumstances disclosed here, the speed at the time the brakes are applied. *Crawley v. Hill, ante,* p. 294, 34 N. W. (2d) 123. Here the skid marks clearly establish the fact that the defendant could not have been going at any excessive rate of speed. *Feyrer v. Durbrow,* 172 Wis. 71, 178 N. W. 306; *Quinn v. Hartmann,* 210 Wis. 551, 246 N. W. 587; *Langworthy v. Reisinger,* 249 Wis. 24, 23 N. W. (2d) 482. Defendant stopped almost immediately. The physical facts are contra to the plaintiff's contention. There is, therefore, no room for a conclusion that the defendant was negligent as to speed.

While we are only concerned with the speed of the defendant, it may be proper to observe some facts about the plaintiff's mode of travel. Plaintiff says that when he was thirty feet back from the south curb line of Madison street he looked to the left. No cars were coming that he could see. He looked into the intersection and found it was clear. He then looked to the right and saw a car about a half a block away. He looked ahead, saw the intersection was still clear, and entered it concluding his path was clear from all directions. Eight feet into the intersection he collided with the defendant's car which was about twenty-five feet across the thirty-feet-wide intersection. Defendant was going slowly. The physical facts establish that. If we accept the plaintiff's testimony it shows that he came from a greater distance traveling at a high rate of speed.

Plaintiff relies on the manner in which the accident occurred to establish his contention that defendant's speed was excessive. Defendant stopped his car within eleven feet. That is established. Plaintiff and his motorcycle were hurled over the hood of the defendant's car in a northeasterly direction. This result could be caused by plaintiff's speed just as well as by defendant's. That the defendant was able to stop

almost immediately requires the conclusion the trial court arrived at on the question of speed.

(2) Yielding the right of way. The second respect in which plaintiff claims defendant's negligence is supported by the evidence is in failing to yield the right of way. His claim is that since plaintiff was approaching on defendant's right, defendant had a statutory duty to yield the right of way. Sec. 85.18 (1), Stats., provides that when two cars approach or enter an intersection at approximately the same time the driver to the left must yield the right of way. The mere fact that the collision occurred at a point where defendant was twenty-five feet across the intersection and plaintiff was only eight feet into it is evidence that defendant was there first. The learned trial court so found.

However, we may assume that both cars approached the intersection at about the same time. It must be borne in mind that the collision occurred in the southeast corner of the intersection of West Madison and Seventy-Second streets, eight feet north of the south curb of West Madison and five feet west of the east curb of Seventy-Second. This location is undisputed. It is fixed by the skid marks and by the location of the defendant's car after the collision. Each street was thirty feet wide between curbs. It follows then that the defendant's auto had entered the intersection and traveled east beyond the center thereof before the collision occurred.

Taking the plaintiff's testimony that he was going at a slow rate of speed, he should have been able to observe defendant's car in the intersection before he entered. In *Reynolds v. Madison Bus Co.* 250 Wis. 294, 305, 26 N. W. (2d) 653, this court said: "The driver to the right is negligent if he insists upon claiming his right of way where it is evident that his competitor for the intersection is not going to respond to this duty." This constitutes contributory negligence on the part of the party who has the right of way. Usually this is a question of comparative negligence for the

jury. But under the facts of this case the contributory negligence was clearly as great if not greater than the negligence of defendant in failing to yield the right of way if that is chargeable to him. As a matter of law we hold plaintiff was more negligent. Defendant was traveling slowly; he was well into the intersection before the plaintiff even entered. There can be no dispute that if plaintiff were going slowly the defendant was in plain view before he entered the intersection. If plaintiff were going at a speed which did not enable him to see defendant in time, he lost his right of way, if he had any, because of his excessive speed.

(3) Control. There is no need to discuss this item extensively. No facts exist on which to base any finding of failure to exercise proper control on defendant's part after he saw plaintiff. He applied his brakes. The car was stopped within ten or eleven feet.

(4) Lookout. There remains the question of defendant's negligence as to lookout. The accident very probably could have been averted if either of the parties had seen the other earlier. Each claims that he looked before entering the intersection. The plaintiff says that he made his observation down Madison street to the left when he was thirty feet back from the south curb of that street. He did not see defendant's car. Before he entered the intersection he looked ahead and saw nothing. He did not look to the left again. The first he saw of defendant's car was when he was three feet away. Defendant also says that he looked down Seventy-Second street before he entered the intersection. He did not see the plaintiff's motorcycle. He also did not look to the right again until he was five or six feet across the center of Seventy-Second street. At that time defendant estimated that plaintiff was about thirty to forty feet away from him. Under those facts the ruling was made that the parties were at least equally negligent as to lookout. Both looked and saw nothing. However, it is established by objective facts that defendant's car was moving

slowly; since he was over half the way across the intersection he must have been in it when the plaintiff looked before he entered. Yet the plaintiff says that he did not see defendant until he was three feet away. To look and see nothing when something is there is just as negligent as not looking. *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *Mertens v. Lake Shore Y. C. &·T. Co.* 195 Wis. 646, 218 N. W. 85; *Ebel v. Rehorst,* 212 Wis. 122, 248 N. W. 799, and cases cited therein.

Therefore the court below was warranted in holding as a matter of law the negligence of the parties was at least equal.

Plaintiff raises several other points based on marks upon the motorcycle. He says that if plaintiff had run into defendant the front of his motorcycle would be crushed in. Instead the left side of it is pushed in and to the right. On the other hand, if defendant had run into plaintiff head on as is claimed, the front of his car would show some signs of the collision. Instead the right front side of the car is dented in with the most damage being done to the right fender. Plaintiff states that he tried to turn his motorcycle to the right. What happened was that the collision occurred at an angle. The right front side of the car met the left side of plaintiff's motorcycle as he tried to turn out of the way and defendant tried to stop.

Plaintiff also claims that it was error for the trial court not to allow his motorcycle expert to testify as to the braking distance of a motorcycle. There could be no possible relevance of that to the accident since plaintiff himself admits that he did not even try to stop.

In view of the conclusions reached and because other points raised cannot affect the result, there is no need to consider further objections by plaintiff except to say that we find no prejudicial error.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.