ALENDAL, Respondent, v. MADSEN, Appellant.

(275 N. W. 352)

(File No. 7999. Opinion filed October 5, 1937)

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Appellant.

*B. O. Stordahl,* of Sioux Falls, for Respondent.

WARREN, J.  The defendant, in August, 1935, at 8:30 o'clock in the morning, was driving his car north on state trunk highway No. 18, in the city of Viborg, Turner county, S. D.  At a point in front of the Kellar residence, the defendant's car struck the plaintiff, a boy 12½ years old, injuring him quite severely. The plaintiff was engaged in distributing milk and had hurried from behind a parked car just as defendant drove past.  The defendant was driving an 18-foot long 1929 model Buick which weighed about 4,000 pounds.  The four-wheel brakes on his car had recently been adjusted and were in good condition.

The defendant's version of the accident, the events prior thereto, and those succeeding it, is substantially as follows:  He testified that he observed a car parked on the pavement in front of him, and that two boys were standing on the west side of it. Nothing occurred as defendant's car approached the other car, but, as the radiator of his car was about even with the radiator of the parked car, the boy (plaintiff) jumped from behind the parked car.  That was the first indication defendant had of any one attempting to cross in front of his car, and, though he applied his brakes the instant the boy shot out from behind the parked car, he was unable to avoid striking the boy as he only had a car's length in which to stop.  Defendant further stated that the right fender of his car struck the boy and that when his car came to a standstill the boy slid off and fell to the pavement.  Defendant immediately stepped on the gas to drive his car out of the way, and then stopped it a second time and went back to where the boy lay. He testified that he was driving at a speed of about 15 miles an

hour, and that his car stopped after he applied the brakes in about the distance of the length of the car. A Mrs. Otto Nelson, a witness for the defendant, who was walking along the street, testified that she saw his car traveling at from 15 to 20 miles per hour. On cross-examination she admitted that she might have stated that she estimated the speed to be 20 to 25 miles per hour.

Plaintiff's controversial evidence is substantially as follows: Christofer Sorenson, the driver of the parked milk car, who was sitting in the car, testified that he saw the Madsen car a block away, and that it came towards them at a speed of about 35 miles per hour. He further testified that he thought the boy had ample time to get across the street, and that the boy saw the car coming.

The plaintiff, Eugene Alendal, stated that he was almost 13 years old and that he had reached the eighth grade in school. In describing his actions at the time of the accident, he stated that he had a bottle of milk in his hand, that he jumped off the parked car on the right-hand side, and moved around to the back of the car. He looked south through the back window of the parked car and saw the Madsen car coming about 55 steps away. He looked north and started across the street on the run. Upon looking south, again he saw the Madsen car close to him on the right, and about that instant it struck him. He testified that when he saw the car through the back window he thought he had plenty of time in which to cross. The record does not indicate any testimony that the defendant did anything to steer his car to the right or left in order to avoid the accident when he discovered the boy crossing in front of him.

At the conclusion of plaintiff's evidence and at the close of all the evidence, the defendant moved for a directed verdict, which was denied. A verdict of $3,500 was rendered, and a motion for new trial made. Defendant has appealed from the judgment and order denying the motion for new trial.

■ Appellant, at the outset, charges the respondent with failure to plead, in his complaint, the exact speed that the appellant was traveling. In his objection, he refers to section 8636G, paragraph 8, of the 1929 Compiled Laws of South Dakota, and states: "There is no allegation in the Complaint as to the speed, which the statute requires to be set forth in both the summons and com-

plaint in a case of this kind." The section referred to by appellant is found in chapter 251 of the 1929 Session Laws of South Dakota, in section 4, paragraph 8 thereof, at page 300. A portion of it reads as follows: "In every charge of violation of this section the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed which this section declares shall be prima facie lawful at the time and place of such alleged violation."

A portion of the title of chapter 251 is labeled "Uniform Motor Vehicle Act." Examining the authorities for a construction of this particular paragraph, as to the necessity of pleading speed, we find that the Supreme Courts of North Dakota and North Carolina have both passed upon the meaning of specifying the speed at which the defendant is alleged to have driven, "in the summons and complaint and notice to appear." In Hausken v. Coman et al., 66 N. D. 633, 268 N. W. 430, the Supreme Court of North Dakota, in a decision as late as April 7, 1936, held that this particular section of the statute does not apply to the pleadings in a civil action, and cited the North Carolina case of Piner v. Richter, 202 N. C. 573, 163 S. E. 561, as an authority holding on this same section of the Uniform Motor Vehicle Act. Upon an examination of the facts, as disclosed by the record, we are of the opinion that the respondent's pleadings were sufficient, and that respondent was entitled to place in evidence the speed at which appellant was driving immediately before the injury to the respondent.

Appellant states that the respondent pleaded a lack of contributory negligence, and that, appellant having pleaded a general denial, it would be encumbent upon the respondent to establish by a preponderance of the evidence the lack of contributory negligence on his part, and that the burden was not upon the appellant to prove contributory negligence. Examining the pleading, we find that the respondent in paragraph 3 of his complaint makes the following allegations: "That all of the aforesaid damage and injury to the said Eugene Alendal was not due to any negligence on his part, nor were they due to any risk assumed by him. * * *" The complaint then charges that the injury was caused by the appellant's carelessness, recklessness, and negligence

in operating his automobile at an excessive rate of speed, and driven in a negligent manner without regard of other occupants of the street, and not having his automobile under proper control, and in not having any regard of the rights and use of the occupants of said street. The appellant in answering did not plead contributory negligence. He argues that contributory negligence on the part of the plaintiff implies negligence on the part of the other party and that it cannot exist without it. It is his contention that the appellant was free from negligence and that, the respondent having pleaded in his complaint that he was free from negligence, his general denial placed the burden of proof squarely upon the respondent to show that he was free from negligence. Appellant, in addition to his general denial, pleaded as a specific defense his own freedom from negligence, and also specific acts and conduct of the respondent as being in fact the immediate and sole cause of the injury complained of.

We observe that, regardless of the pleadings, there was injected into the trial the question of contributory negligence. We also find that in the motion for a directed verdict appellant contended that the injury was the result of an unavoidable accident and resulted from Eugene's conduct in darting out from behind the parked car and in front of the appellant's car. By so doing he threw himself immediately in front of the defendant's car, and that said conduct was the sole, proximate cause of his injuries. Regardless of the issues, as framed by the pleadings, the defense of contributory negligence became one of the issues of the trial. In an early territorial decision, the Dakota Supreme Court treated the matter of negligence as a matter of defense as follows: "It is claimed by appellant that the court erred in instructing the jury that 'negligence on the part of plaintiff is a mere matter of defense, to be proved affirmatively by the defendant, of which you must be satisfied by a preponderance of the evidence, though it may, of course, be inferred from the circumstances proved by the plaintiffs. The law will not presume contributory negligence on the part of plaintiffs.' " Sanders v. Reister, 1 Dak. 145, 171, 46 N. W. 680, 685.

An examination of the authorities indicates that we have not departed from this early holding. While considering the question of a directed verdict upon the grounds heretofore stated, it is well

to consider at this point appellant's assignment of error relating to the court's instruction to the jury. The defendant's exception was as follows: "The defendant excepts to that part of the Court's Instruction numbered '3' wherein and whereby the Court charges that the burden of proof is upon the defendant to prove by a preponderance of the evidence any contributory negligence on the part of the plaintiff. The defendant contends that the burden of proof rests upon the plaintiff, not only to prove by a preponderance of the evidence that the defendant was negligent in handling his automobile at the time and place in question, but also that the plaintiff is required to prove * * * that he was free from negligence causing his injuries, as alleged by him in his complaint."

We are unable to agree that instruction No. 3 constitutes reversible error. We believe that under the facts the court charged correctly when it said in said instruction "the burden of proof is upon the defendant to prove the contributory negligence of the plaintiff, if any, by a preponderance of the evidence." This part of the instruction was followed by what was meant by a preponderance of the evidence, thus making a complete instruction which correctly covered the facts at issue. Sanders et al. v. Reister, 1 Dak. 145, 46 N. W. 680; Smith v. Chicago, M. & St. P. Ry. Co., 4 S. D. 71, 55 N. W. 717; Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579.

█ Appellant assigns as error the insufficiency of the evidence to justify and support the verdict herein, in that not only does the testimony on behalf of the appellant, including the existing physical facts, confirm the absence of any negligence on his part under the respondent's evidence, but it also clearly and distinctly confirms the respondent's testimony in proof of his own conduct as the sole, direct, and proximate cause of the injuries he sustained. It is quite evident that the jury did not so find, and that the trial court upon a motion for new trial did not so believe, and we as a reviewing court cannot agree with appellant's contention that there is not sufficient evidence to sustain the verdict of the jury.

█ It will be observed that the respondent in this case looked through the back window of the parked car. He saw the approaching automobile some 55 steps away. He thought he had

plenty of time to make the crossing. In Cameron v. Miller, 43 S. D. 429, 180 N. W. 71, 72, this court passed upon the rights and duties of the respective parties, and especially as relating to the question of contributory negligence of a child 12 years of age, and the duty of the court to submit the question of contributory negligence to the jury. This court held that it was proper to submit that question to the jury. It will be observed from the language in that case that the respondent in that case was practically of the same age as the respondent in the instant case. Further, that the court below felt that the jury, under the evidence, was warranted in finding that the plaintiff observed the approaching automobile and was of the opinion that he had ample time to cross in front thereof, and we quote:

"Plaintiff admitted seeing the automobile approaching, but testified that he thought he had ample time to cross in front thereof, and that, as he started to make the turn, he shifted his attention to the running of the bicycle and did not observe the auto from that time until he was directly in front thereof. Defendant, while admitting that he saw the plaintiff on the bicycle coming westward on the opposite side of First avenue, testified that he did not see him at the time that plaintiff made the turn and did not see him until he was directly in front of the auto.

"Was there evidence from which a jury could reasonably find that the defendant was guilty of negligence, such negligence, if any, consisting in the fact of defendant's driving his automobile at a speed greater than the speed limit for that particular place, prescribed by an ordinance of the city of Aberdeen? There was the testimony of several witnesses to the effect that the said automobile was, at the time of and immediately prior to the collision, running at a speed from three to eight miles in excess of the speed limit fixed by such ordinance. It was held by this court in [Sioux Falls] Traction System v. R. R. Co., 39 S. D. 17, 162 N. W. 740, that a jury was bound to presume, until the contrary was shown, that the running of a train at a higher rate of speed than that limited by the ordinance of a city was negligence. See, also, Whaley v. Vidal, 27 S. D. 627, 132 N. W. 242. It follows, therefore, that there was sufficient evidence to go to the jury upon the question of defendant's negligence. * * *

"Plaintiff had a right to rely on the assumption that the defendant was traveling at a speed within the limit fixed by the ordinance (20 R. C. L. 118), unless the unlawful speed of the automobile was apparent to and realized by him. It does not appear that plaintiff did realize the speed at which the auto was traveling, and, if the auto had been traveling even three miles an hour less than it was in fact traveling (no matter what its actual speed was), it is beyond all question that the distance that would have been traveled by the auto, from the time plaintiff started to make the turn across the street until the time of the collision, would have been enough less than the distance actually traveled by said auto to have permitted of the bicycle passing the point of the collision before the auto reached such point. It follows, therefore, that there was evidence from which the jury was warranted in finding, not only that the defendant was guilty of negligence in driving his auto at an excessive speed, but that such negligence was the proximate cause of the collision."

The rule of conduct places a burden upon the driver to drive with such care and prudence that he is not confronted with further emergencies such as in this case. The question of negligence was properly submitted to the jury. It was conflicting and was therefore a matter for the determination of the jury. Ziegler v. Ryan 65 S. D. 110, 271 N. W. 767. We are satisfied, in view of the age of respondent and the law of this jurisdiction, settled by the case of Cameron v. Miller, supra, that the evidence does not conclusively show him guilty of contributory negligence, but that such negligence was a question for the jury. There are no conclusively proven facts of the physical condition from which this court can say that the accident could not have happened from the causes claimed by the respondent. Breen v. Keen, 55 S. D. 150, 225 N. W. 223. The assignments of error, which we have not specifically treated in this opinion have been examined, and are deemed insufficient to change the results of this decision.

The judgment and order appealed from are affirmed.

RUDOLPH, P. J., and ROBERTS and SMITH, JJ., concur.
POLLEY, J., dissents.

POLLEY, J., (dissenting). It seems to me that the plaintiff in this action was so reckless of his own safety in trying to cross

the street in front of defendant's car that he should be held to be guilty of contributory negligence as a matter of law .and a verdict should have been directed for the defendant.

Plaintiff saw the defendant's car approaching him from a considerable distance. He had plenty of time to have crossed the street before the car reached him, but, instead of crossing while he yet had plenty of time, he waited until the car was within about a car's length from where he was standing in the middle of the street. It was just a foolish attempt on the part of plaintiff to cross the street in front of defendant's car after the car was so close to him that it could not possibly be stopped in time to avoid a collision.

The judgment and order appealed from ought to be reversed, with directions to the trial court to dismiss the action.