NINNEMAN, Appellant, vs. SCHWEDE and another, Respondents.

*January 10—February 6, 1951.*

410

For the appellant there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* and *Walter H. Piehler* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

For the respondents there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham.*

GEHL, J.   Sec. 85.44 (4), Stats., provides:

"Every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway."

The jury found that plaintiff was causally negligent with respect to yielding the right of way, from which follows the necessary inference that they concluded that when he was struck he was not on the crosswalk. There is credible evidence to support the inference and the finding, and we must consider the case as though he was not on the crosswalk when struck.

The finding, coupled with plaintiff's own testimony that, although he saw defendant's car coming toward him when it was a block or three quarters of a block away, and that he was "watching it all the time," he did not stop but continued to walk until he was struck or just an instant previously, compels the conclusion that he was guilty of as great a degree of causal negligence as was the defendant driver.

In a situation quite similar to that here presented the court said:

"The fact that a pedestrian has reached the marked center line of a street [as the plaintiff in the instant case claims he had] does not lessen such pedestrian's absolute duty to yield the right of way to vehicles upon the street." *Post v. Thomas,* 240 Wis. 519, 525, 3 N. W. (2d) 344.

In that case, where the pedestrian crossed at a point other than a crosswalk, the court affirmed the action of the trial court in its determination that the negligence of the pedestrian was as great as that of the driver of the automobile which had struck him.

The negligence of the defendant driver did not affect plaintiff's absolute duty to yield the right of way. *De Goey v. Hermsen,* 233 Wis. 69, 288 N. W. 770.

Plaintiff complains that the trial court erred in its refusal to submit questions inquiring as to defendant's negligence in driving with defective lights and in failing to sound his horn. Had the requested questions been submitted answers favorable to the plaintiff would not have affected the result. There was, therefore, no error in such refusal. *Coggswell v. Davis,* 65 Wis. 191, 26 N. W. 557.

Plaintiff contends that a new trial should be granted because of prejudicial remarks made by a traffic officer and prejudicial conduct on the part of counsel. He refers to the officer's reference to the "point of impact" and contends that it was a statement of his conclusion as to plaintiff's position upon the street when he was struck. Upon objection the answer was stricken.

We do not consider that any prejudice resulted. The same must be said as to the remarks and conduct of defendants' counsel. At most, they might have affected the jury in its consideration of the question of damages. That question is no longer in the case.

Counsel concedes that an instruction of which he complains was followed by one limiting its effect and stating the law correctly. He complains that the manner in which the instruction was given "gives a break to the defendants." We do not consider that defendants were given any advantage by the form of the instructions or the manner in which they were given.

We find nothing in the record to indicate that justice has miscarried so as to require us to grant a new trial in the interests of justice.

*By the Court.*—Judgment affirmed.