BASSIL, Appellant, vs. FAY and another, Respondents.

*May 6—June 8, 1954.*

266

For the appellant there was a brief by *Bartelt & Bartelt* of Kewaskum, attorneys, and *Henry A. Detling* of Sheboygan of counsel, and oral argument by *Mr. Detling* and *Mr. David C. Bartelt*.

For the respondents there was a brief by *O'Meara & O'Meara of* West Bend, and oral argument by *Stephen O'Meara*.

GEHL, J.   The accident occurred at 1 a. m.   Main street runs east and west, is paved with concrete, is level, and is 49 feet 6 inches wide from curb to curb.   Its center is marked by a yellow line.   It is intersected on the west by Highway 55 and on the east by railroad tracks.   The distance between the tracks and Highway 55 is about 400 feet.   A tavern is located near the tracks on the south side of Main street.

Bassil left the tavern at about 1 a. m. apparently to reach his home on the north side of the street.   He walked across

the street, not within a crosswalk. The street was not lighted. Fay approached in his automobile from the east. He testified that his lights illuminated only 40 to 50 feet ahead and that when he was 80 feet west of the railroad tracks he saw an object which turned out to be Bassil 20 feet ahead of him. He was traveling at a speed of 25 miles per hour. He did not realize that he had struck a person but knew that he had hit something. He discovered that he had hit a person when he saw the body lying near the north curb. He testified that he did not know in what direction Bassil was looking; he did not see his head. There was evidence which permitted the jury to consider that when Bassil was struck he was walking in a northwesterly direction.

Plaintiff contends that there is no evidence to sustain the jury's finding that Bassil was negligent as to lookout. From the time he stepped from the curb and until he was struck he had an unobstructed view to the east and west on the street. It is true that there is no direct testimony that he did not look or that he failed to see the Fay car. The rule that because he is dead it is to be presumed that he exercised due care for his safety does not avail plaintiff. The jury was warranted in inferring that had he looked he would have seen it. It is elementary that one cannot be excused from his duty by claiming that he looked and did not see what, in fact, he would have seen had he looked. *Kloss v. American Indemnity Co.* 253 Wis. 476, 34 N. W. (2d) 816. Travelers on a highway, including pedestrians, must look out for approaching traffic and must look with such attentiveness as to see what is in plain sight. *Ebel v. Rehorst,* 212 Wis. 122, 248 N. W. 799; *Besser v. Hill,* 224 Wis. 211, 271 N. W. 921. We may not disturb the finding that Bassil was negligent with respect to lookout.

Plaintiff urges that the court erred in finding Bassil negligent as a matter of law with respect to yielding the right of way. In that connection it is argued that since Fay testified

that at the time of the impact his car was astraddle the center line of the street, the jury might properly have found that Bassil was struck when he was still on the south half of the pavement, and that, consequently, there was no failure on his part to yield the right of way. A similar contention was made in *Post v. Thomas,* 240 Wis. 519, 3 N. W. (2d) 344, that a pedestrian's only statutory duty when walking across a street at a point other than a crosswalk is to yield the right of way to competing vehicles, and that the motorist's right of way extends only to his right-hand side of the road. The court rejected the pedestrian's claim and held that under the statute when a pedestrian crosses a street at a point other than at a crosswalk the duty to yield the right of way is absolute, and failure to do so constitutes negligence as a matter of law. See also *Ninneman v. Schwede,* 258 Wis. 408, 46 N. W. (2d) 230. The statute, sec. 85.44 (4), requires that a pedestrian crossing a highway at any point other than at a marked or unmarked crosswalk shall yield to vehicles "upon the highway;" not only to vehicles upon one or the other side of the center line of the highway. The statute and rule of the cases cited require that we hold that the court did not err in finding Bassil guilty of negligence as a matter of law with respect to yielding the right of way.

In its instructions on the matter of the duty of Bassil to maintain an efficient lookout and after stating the rule that one cannot be excused from his duty in that respect by claiming that he looked and did not see when, as a matter of fact, he would have seen the automobile if he had looked, the court added:

"Under such circumstances it is assumed that he did not look, or that he plunged heedlessly ahead regardless of hazard and consequence."

Counsel concede that the quoted portion of the charge is good law when applied to living persons but not when applied

to one deceased. It is true that ordinarily a deceased person is presumed to have exercised due care for his own safety at the time of his injury, but the presumption ceases to have force when credible evidence is adduced which permits a contrary inference, *Biersach v. Wolf River Paper & Fiber Co.* 247 Wis. 536, 20 N. W. (2d) 658, or when the circumstances surrounding the incident may be such as to rebut the presumption. 16 Am. Jur., Death, p. 208, sec. 302. Such circumstances were shown to have been present in this case. Fay's lights were in working order, there was nothing to obstruct Bassil's view in either direction, and the lights should have been seen by him. Decedent crossed the street at a place other than at a crosswalk and is presumed to have been aware of his duty to yield. These uncontradicted facts show that it was at least for the jury to determine whether he had performed his legal duty, and they had the right to consider them as overcoming the presumption. The instruction was not erroneous.

It is urged that the court erred in submitting to the jury the question whether Bassil was negligent with respect to the manner in which he crossed the highway, that the issue is included in the inquiry as to his lookout or his failure to yield the right of way, and resulted in duplication. Plaintiff made no timely objection to the inclusion of the question in the verdict. If the verdict were open to the objection urged, it was waived by plaintiff's failure to interpose it before the issues were submitted to the jury. *Swanson v. Maryland Casualty Co.* 266 Wis. 357, 63 N. W. (2d) 743.

Plaintiff contends that the court erred in stating the emergency rule in its charge with respect to Fay's conduct, and argues that Fay was not entitled to the benefit of the rule because he violated the statute with respect to headlights in that his lights illuminated only 40 to 50 feet ahead of him. There was testimony that immediately after the accident a police officer tested the lights and found them to be "all

right," and that as Fay approached the scene Bassil "jumped right in front of him." We consider that under the circumstances it was proper to instruct the jury in a manner so as to permit them to consider the question whether Fay was faced with an emergency.

Plaintiff's final contention is stated as follows:

"The trial court in substance instructed the jury that ordinary care was such care as is ordinarily exercised by ordinary reasonable persons. This was error, since the rule is that degree of care exercised by the great majority of mankind."

The term "ordinary care" was not defined in the charge; a definition was not requested. Instead we find that upon the page of the record to which our attention is directed and to the paragraph of the charge to which counsel apparently refer the following:

. "You are instructed that every person is negligent when without intending to do any wrong he does such an act or omits to take such precautions that under the circumstances present he as an ordinary prudent person ought reasonably to foresee that he will thereby expose the interests of another to an unreasonable risk of harm. In determining whether his conduct will subject the interests of another to an unreasonable risk of harm, a person is required to take into account such of the surrounding circumstances that would be taken into account by reasonably prudent persons and possess such knowledge as is possessed by ordinary reasonable persons and to use such judgment and discretion as is exercised by persons of reasonable intelligence and judgment under the same or similar circumstances."

This is the precise language which is used in the suggested charge contained in *Osborne v. Montgomery*, 203 Wis. 223, 234 N. W. 372. The charge here given contains no error.

*By the Court.*—Judgment affirmed.