[Civ. No. 25600. Second Dist., Div. Two. Aug. 8, 1962.]

WILLIAM A. BROWN, JR., et al., Plaintiffs and Appellants, v. GREGORY PETER CONNOLLY et al., Defendants and Respondents.

Beilenson, Meyer, Rosenfeld & Susman and Peter E. Cohen for Plaintiffs and Appellants.

Hunter & Liljestrom, Richard M. Gilliland and Henry E. Kappler for Defendants and Respondents.

FOX, P. J.—This is an appeal by plaintiffs, Victor Brown, a minor, and his parents, William A. Brown, Jr., and Enolla Brown, from an adverse judgment in a personal injury action arising out of a collision between a station wagon driven by defendant Gregory Peter Connolly and a bicycle ridden by plaintiff Victor Brown.

The accident occurred on Wednesday, May 22, 1957, at approximately 4:20 p. m. on a T-type intersection formed by

the termination of Crescent Street where it joins Bridewell Avenue in the County of Los Angeles. Crescent Street and Bridewell Avenue run through a residential area which is situated in a little valley of "six blocks east and west and about three blocks north and south." Defendant Connolly was driving a 1957 Chevrolet station wagon in a westerly direction on Bridewell Avenue and Victor was riding his bicycle in the southerly direction on Crescent Street. At the time of the accident, the intersection involved was not controlled by traffic signals or traffic signs of any kind and neither the streets nor the intersection bore any white lines or other markings. Bridewell Avenue was, however, posted as a 25-mile per hour zone approximately two streets east of the intersection.

Defendant testified that when he first saw the boy his vehicle was 45 to 55 feet east of the east curb line of Crescent. At that time, Victor[1] was approximately 20 to 30 feet from the north curb of Bridewell riding his bicycle in a southerly direction. At the time Connolly first saw the boy, there were three or four other boys behind Victor, none of whom were called as witnesses. Victor "was bicycling towards the fence along the freeway" and was "clipping this corner of Crescent and Bridewell as tight as he could. . . ." The other boys that were with him turned in and Victor tried to swerve his bicycle. From the time that the defendant first saw the boy until the moment of impact, defendant continued to watch Victor, during all of which time the bicycle continued to move. It was Connolly's belief that the boy attempted to change the direction of his bicycle to parallel the car. Defendant estimated that the speed of his vehicle was 20 to 30 miles per hour.[2] As soon as Connolly saw the boy, he slammed on his brakes and the car, while decelerating, struck the boy. The point of impact was somewhere between four and six feet north of the center of Bridewell. The collision knocked Victor and his bicycle down and Victor was rushed to the hospital by ambulance. The bicycle was completely destroyed. Victor suffered serious injuries.

Plaintiff Enolla Brown was appointed guardian ad litem for plaintiff Victor, a minor. The complaint alleged in the

---

[1] On the date of the accident, Victor was 6 years, 1 month and 7 days old.

[2] A police officer testified that it was his opinion, derived from the length of the skid marks, that Connolly's car was traveling a minimum of 37.5 miles per hour.

first cause of action that Victor sustained permanent injuries as a result of defendant Connolly's negligence in operating an automobile owned by defendant Roddy Transportation Company West Coast, a copartnership, consisting of defendants Edward Colliau and William Lucian Blythe. Defendant Connolly was acting in the course and scope of his employment by Carl Johnston, doing business as the Star Liquor Store. The relationship of the parties was admitted. The second cause of action alleged that Victor's parents William A. Brown, Jr., and Enolla Brown, had incurred and would continue to incur expenses for medical care of Victor; that William A. Brown, Jr., had sustained loss of earnings occasioned by Victor's injuries; and that Enolla Brown had administered nursing care to Victor. Victor sought to recover the sum of $200,000 and his parents sought to recover the sum of $32,275.

A jury trial resulted in a verdict and a judgment for all defendants. Plaintiffs' motion for a new trial was denied. They have appealed from the judgment.

Only one of plaintiffs' assignments of error need be discussed. It relates to the court's instructions re standard of care applicable to a child. The court instructed:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of VICTOR BROWN and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.

"The rule just stated applies even when a child is charged with having violated a statute or the evidence shows such a violation. The question whether or not the child was negligent still must be answered by the standard applicable to children as I have just stated it to you."

The court then instructed on certain sections of the Vehicle Code which were applicable to the case. The first section was 525 (now 21650) of the Vehicle Code which provides that upon all roadways of sufficient width a vehicle shall be driven on the right hand of the roadway "with exceptions not applicable to this case." The second section was 540 (now 22100)

of the Vehicle Code which deals with turns at intersections and the third section was 452 (now 21050) of the Vehicle Code, in respect to which the court stated, "Every person riding a bicycle upon a highway shall be granted all the rights and shall be subject to all the duties applicable to the driver of a vehicle as herein before stated." It appears quite clear in light of the facts in the record, especially in view of the latter instruction (based on Veh. Code, § 452), that these three instructions based upon the Vehicle Code had application only to the minor plaintiff. The court then, on its own motion, gave the following instruction on negligence per se:[3]

"If a party to this action violated any of the sections of the Vehicle Code just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable.

"To prove that a violation of a section of the Vehicle Code such as that charged in this case was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the person who violated the code section did what might reasonable (sic) be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances."

The cases of *Cummings v. County of Los Angeles,* 56 Cal.2d 258 [14 Cal.Rptr. 668, 363 P.2d 900], and *Daun v. Truax,* 56 Cal.2d 647 [16 Cal.Rptr. 351, 365 P.2d 407], are here controlling. In the *Daun* case, the court said at pages 654-655: "In the *Cummings* case, *supra (ante,* at p. 263) this court had the following to say about substantially similar instructions: 'Standing alone, the [*per se*] instruction is clearly erroneous. Its vice is that it states that a breach of the statute creates a presumption of negligence that can only be overcome by the violator, whether he be child or adult, by doing "what might reasonably be expected of a person of ordinary prudence who desired to comply with the law,

---

[3]This instruction assertedly was based upon B.A.J.I. 149. However, B.A.J.I. 149 (revised 1962 Supp.) adds one additional paragraph to the above instruction:

"This instruction has no application to a violation of [a section of the Vehicle Code] by a child. The question whether the child was negligent must be answered by the standard applicable to children elsewhere stated in these instructions."

It should be noted that the trial court gave the suspect instructions prior to the addition of this paragraph and before the *Daun* and *Cummings* cases (*infra*) were decided.

acting under similar circumstances.'' In other words, the instruction directly and unequivocally imposes the same standard of care on the child as it imposes on the adult. This, of course, is not the law. ▮ Children are judged by a special subjective standard and not by the objective standard set forth in the instruction. They are only required to exercise that degree of care expected of children of like age, experience and intelligence. The presumption of negligence or negligence *per se* instruction here challenged, takes that protection away from the child. The *per se* negligence instruction, taken alone, when applied to children, is totally inconsistent with the body of law that has grown up to protect children. The *per se* negligence instruction is predicated on the theory that the Legislature has adopted a statutory standard of conduct that no reasonable man would violate, and that all reasonable adults would or should know such standard. But this concept does not apply to children. It is absurd to presume that a child of 7 [here 5 years, 8 months],[4] as a matter of law, knows all of the standards of conduct set forth in the Vehicle Code. ▮ For this reason the California law is well settled that, although a violation of a criminal law of this nature creates a presumption of negligence, the presumption may be rebutted by a showing that the child, in spite of the violation of the statute, exercised the care that children of his maturity, intelligence and capacity ordinarily exercise under similar circumstances. (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674, 684 [102 P.2d 422, 104 P.2d 26].) ▮ The proper rule was stated in *Galbraith* v. *Thompson*, 108 Cal.App.2d 617 [239 P.2d 468], holding . . . that the rule that a child is only held to a standard of care in accordance with its age and circumstances must prevail over the rule that violation of a statute is negligence *per se*. This the challenged instruction did not tell the jury. Standing alone, it was, for this reason, clearly erroneous.' ''

The fact that this negligence per se instruction was qualified by the previous instruction stating the standard of care applicable to children does not benefit the respondents in this case. The suspect instructions here given are verbatim those given in the *Daun* case and extremely similar to those given in the *Cummings* case. In the *Daun* case, the court further stated (pp. 656-657):

---

[4] In the instant case, the plaintiff was 6 years, 1 month and 7 days old. (Footnote ours.)

"In *Cummings* this court had the following to say about the instruction there involved (pp. 266-267):

" 'It is quite clear, therefore, that the instructions are not only ambiguous but actually conflicting. The respondent contends that no conflict appears because the instructions should be read together, and when the contributory negligence instruction is read with the presumptive negligence instruction the conflict disappears. Of course, the rule has frequently been stated that instructions must be read together and considered as a whole. But that rule will not cure the error here. Here the jury was told that a child's contributory negligence is to be measured by a special limited subjective standard, and, in very general and ambiguous words, that such special standard applies to his general conduct on the highway. Then, later in the charge, and apparently unconnected with these instructions, the jury was told that under a specific state of facts—violation of a statute—contributory negligence is presumed unless the violators act with ordinary prudence. Obviously, even when read together, the specific instruction controls the general. In such a case the later instruction is not only ambiguous but clearly erroneous.'

 "This same reasoning applies to the instructions in the instant case. The jury was told that a pedestrian, and the only pedestrian involved was the 5-year-8-month-old plaintiff, would be guilty of contributory negligence as a matter of law unless she complied with certain standards fixed by the Legislature and determined by it to constitute reasonable conduct. Thus the jury was first told that the plaintiff was contributively negligent as a matter of law. But then the jury was told that children are to be judged by a special limited standard and that such limited standard was also applicable to violations of a statute. The two instructions are inherently contradictory.

"It was because of the inherent inconsistency between these concepts that this court in a footnote in *Cummings* stated (p. 264): 'There is a logical conflict, in a very real sense, between the negligence *per se* rule, and the rule requiring an infant's conduct to be measured by his age, experience, intelligence and capacity. . . . [Citations.]' "

"Thus, the problem involved is basically that involved in *Cummings*. While a child of 5 years and 8 months may be guilty of contributory negligence (*Courtell* v. *McEachen*, 51 Cal.2d 448, 455 [334 P.2d 870] the quantum of care to be exercised by such a young child does not include compliance

with the legislatively adopted standard of care intended for adults.'' (*Daun* v. *Truax,* 56 Cal.2d at 658.)

·. *Jones* v. *Wray,* 169 Cal.App.2d 372 [337 P.2d 226], also holds that the giving of this instruction constitutes prejudicial error. See also *Cole* v. *Ridings,* 95 Cal.App.2d 136 [212 P.2d 597].

. ██ While a child, as plaintiff in our case, of 6 years, 1 month is capable of being contributively negligent ·(*Courtell* v. *McEachen,* 51 Cal.2d 448, 455 [334 P.2d 870]), the quantum of care to be exercised by such a young child does not include compliance with the legislatively adopted standard of care intended for adults. As was stated in *Daun* (pp. 658-659) : ''The statute imposes an objective legislatively fixed standard of care on adults. This standard of care is not applicable to young children who are held to a different and more limited and subjective standard of care. ██ *If the negligence per se instruction is to be given at all in such cases, to avoid conflict and confusion, the trial court must include in that very instruction a clear and unambiguous statement that the standard of conduct outlined in the negligence as a matter of law instruction is not applicable to children, but that they are governed by the special standard applicable to children.''* (Emphasis added.)

The *Daun* and *Cummings* cases set up very stringent standards when dealing with children. ██ The presumptive negligence doctrine is not applicable to children and a violation of a statute or code section by a child is only one factor of many to be considered in determining whether the child is guilty of contributory negligence measured by the limited standard applicable to them. In view of the *Cummings* and *Daun* decisions we are compelled· to reverse the judgment herein.

The judgment is reversed.

Ashburn, J., and Herndon, J., concurred.