ALLEY, et al., Respondents v. SIEPMAN, Appellant

(214 N.W.2d 7)

(File No. 11086. Opinion filed January 10, 1974)

Lakeman & Krause, Mobridge, for plaintiffs and respondents.

Costello, Porter, Hill, Banks & Nelson, Rapid City, for defendant and appellant.

DOYLE, Justice.

This is an action brought by Robert Alley as guardian ad litem to recover damages for personal injuries sustained by the plaintiff, Cheryl Alley, age 15, in an automobile-pedestrian accident, and to also recover the medical and hospital expenses incurred by him because of the accident. A verdict was returned in favor of the plaintiff. Defendant appeals.

The accident occurred on April 24, 1970, at approximately 10:15 p.m. on Highway 20 in Isabel, South Dakota. Highway 20 runs north and south through Isabel and constitutes its Main Street. The speed limit is 35 miles per hour. The plaintiff, along with her younger sister, at the time of the accident was enroute to a dance at the town's community hall. Plaintiff's brother drove both girls from their home in Isabel to the community hall. After proceeding in a northerly direction on Main Street (Highway 20), he pulled off along the right-hand or east side of the street

opposite the community hall which is located in the center of the block. There were no traffic controls or marked crosswalks on either end of this block. After the girls got out of the car he continued north. Standing on the east side of the street, the plaintiff testified she saw a car coming from the south and one from the north. The car to the north was, according to the plaintiff on direct examination, one and one-half blocks away, but on cross-examination she stated it was approximately one quarter of a mile away. The girls then proceeded to cross the street in a westerly direction toward the community hall and had walked to a point just past the center line of the street when the automobile driven by the defendant struck both girls. The plaintiff testified that she did not see the vehicle that struck her unless it was the same one she had observed coming from the north on Main Street.

The defendant, a 73-year-old man who had resided in Isabel for 21 years, testified that he and his companion were returning to Isabel. As he was proceeding south on Main Street he noted that the traffic was heavier than usual; several cars were parked on both sides of the street, and some people were in the vicinity of the community hall. Upon inquiry, his passenger informed him there was a school play and dance at the hall that evening. The defendant further testified that he was traveling about 25 miles per hour when his passenger saw the girls and shouted a warning. Impact occurred immediately thereafter. The defendant stated that he did not see the two girls prior to impact.

The testimony of the eyewitnesses to the accident is in conflict. Plaintiff's eyewitnesses, who were in the vehicle the plaintiff said was coming from the south, testified they saw the two girls alight from the Alley vehicle, pause, and then proceed across in front of their (the eyewitnesses') vehicle to the point of impact. Defendant's eyewitnesses, on the other hand, state that the vehicle in which plaintiff's eyewitnesses were riding had proceeded past the point where the girls had gotten out of the Alley vehicle and the girls had in fact run out into the street behind this vehicle.

It is the defendant's first contention that the plaintiff should be held contributorily negligent as a matter of law in that she was in violation of SDCL 32-27-4 ("jaywalking" statute). Ordinarily, the violation of a statute or ordinance, unless under certain circumstances which are excusable or justifiable, constitutes negligence *per se* if such violation is the proximate cause of the injury to the person for whose protection the statute was enacted. Zeller v. Pikovsky, 1938, 66 S.D. 71, 278 N.W. 174; McCleod v. Tri-State Milling Co., 1946, 71 S.D. 362, 24 N.W.2d 485. The reason for this rule is that the statute or ordinance becomes the standard of care or conduct to which the reasonably prudent person is held. Failure to follow the statute involved constitutes a breach of the legal duty imposed and fixed by such statute. Since negligence is a breach of a legal duty, the violator of a statute is then negligent as a matter of law. Albers v. Ottenbacher, 1962, 79 S.D. 637, 116 N.W.2d 529. Of course, the same rule also applies wherein the plaintiff has violated a statute or ordinance. Such violation will constitute contributory negligence as a matter of law, but again, only if the statute was intended for the benefit of the defendant and the violation was a proximate cause of plaintiff's injuries. See 57 Am.Jur.2d, Negligence, § 315.

A problem, however, arises when this rule is applied in a case such as we have before us. Generally, a minor is not held to the same standard of conduct as that of an adult unless he engages in an activity normally only undertaken by adults. Wittmeier v. Post, 1960, 78 S.D. 520, 105 N.W.2d 65. The objective standard of the reasonable prudent person does not apply to a minor, but rather a special (subjective) standard of care is used which takes into account his age, intelligence, experience and capacity. Finch v. Christensen, 1969, 84 S.D. 420, 172 N.W.2d 571.

Quoting from Prosser on Torts, 3rd Ed. § 32, p. 153 at 157:

"Children * * * obviously cannot be held to the same standard as adults, because they cannot in fact meet it. It is possible to apply a special standard to them, because 'their normal condition is one of incapacity and

the state of their progress toward maturity is reasonably capable of determination,' and because there is a sufficient basis of community experience, on the part of those who have been children or dealt with them, to permit the jury to apply a special standard.

"Conceding this, it is nevertheless true that the capacities of children vary greatly, not only with age, but also with individuals of the same age; and it follows that no very definite statement can be made as to just what standard is to be applied to them. To a great extent it must necessarily be a subjective one. The formula which has been worked out, and which is customarily given to the jury, is that of 'what it is reasonable to expect of children of like age, intelligence and experience.' There is something of an individual standard: the capacity of the particular child to appreciate the risk and form a reasonable judgment must be taken into account. * * * But the standard is still not entirely subjective, and if the conclusion is that the conduct of the child was unreasonable in view of his estimated capacity, he may still be found negligent, even as a matter of law."

Therefore, we are presented with the question of which rule should take precedence. If the statutory violation rule is followed, the minor will as a matter of law be held (contributorily) negligent with no consideration given to the rule that he should be judged by the standard of a minor of like age, intelligence, experience and capacity. On the other hand, if consideration is given to the special standard of care rule applicable to minors, the violation of a statute or ordinance may still be taken into account in ascertaining whether he has met the special standard of care. 174 A.L.R. 1170, 1172.

We have in our prior decisions held that contributory negligence is a question for the jury when the case involved a minor plaintiff. Alendal v. Madsen, 1937, 65 S.D. 502, 275 N.W. 352; Stone v. Hinsvark, 74 S.D. 625, 57 N.W.2d 669; Finch v. Christensen, 1969, 84 S.D. 420, 172 N.W.2d 571.

In the case of Rosenau v. City of Estherville, 1972, Iowa, 199 N.W.2d 125, the Iowa court stated:

"Assuming (without deciding) such violation would ordinarily be negligence per se or prima facie negligence, those concepts are in conflict with the enlightened rule that conduct of children is to be measured, not by adult standards, but the standard of reasonable behavior in children of similar age, intelligence and experience. We have long recognized this standard. (Citations omitted) In these cases where the two principles collide—where statute and child meet—the better reasoned decisions hold a child is not to be charged with negligence per se even though his conduct may involve violation of a statute which relating to an adult would require application of that rule. Brown v. Connolly, 206 Cal.App.2d 582, 24 Cal.Rptr. 57 (1962); Fightmaster v. Mode, 31 Ohio App. 273, 167 N.E. 407 (1928); Simmons v. Holm, 229 Or. 373, 367 P.2d 368 (1961); Rudes v. Gottschalk, 159 Tex. 552, 324 S.W.2d 201 (1959); Morby v. Rogers, 122 Utah 540, 252 P.2d 231 (1953); 57 Am.Jur.2d, Negligence § 375, p. 779-780; 65A C.J.S., Negligence § 146(1), p. 181 n. 68.5."

 We are of the same opinion. Where a minor not engaged in a primarily adult activity violates a statute or ordinance, that violation does not in and of itself constitute negligence *per se*, but may be considered in determining whether the minor met the special standard of conduct which would ordinarily be exercised by a minor of like age, intelligence, experience and capacity under similar circumstances. However, if in the trial judge's opinion the minor's conduct was so unreasonable in view of his estimated capacity, he may still find the minor to be negligent or contributorily negligent as a matter of law.

Under the facts of this case, the trial judge was correct in his refusal to instruct that the plaintiff was contributorily negligent as a matter of law.

The defendant next argues that the trial court prejudicially erred in admitting evidence dealing with custom and practice. Several of the plaintiff's witnesses testified that they had observed on many occasions persons, adult and children alike, crossing the Main Street in Isabel at various places and times and that they themselves had done likewise.

 Evidence of a custom or practice is "generally admissible as bearing on what is proper conduct under the circumstances, but is not conclusive." Harper and James, The Law of Torts, Vol. 2, § 17.3, and authority cited therein. Such evidence is admissible in that the standard of conduct to which any person is held is a community standard. Therefore, what the community deems as proper under the circumstances should be considered in determining whether due care has been exercised. However, evidence is not admissible to show a custom which is in conflict with a statute or ordinance. Sanchez v. J. Barron Rice, Inc., 1967, 77 N.M. 717, 427 P.2d 240. Absent a recognized legal excuse,* the violator is held to the standard fixed by the statute. We do not regard the showing of a custom or practice of violating the law as a legal excuse not to follow the law. In this case, however, the defendant's contention is without merit. The plaintiff being a minor is not held to a standard fixed by statute. Therefore, evidence as to custom and practice was properly admitted for the purpose of determining whether she met the special standard of conduct test as set forth elsewhere in the decision.

 The defendant further contends that the trial court erred in failing to give an unavoidable accident instruction. Following the guidelines set forth in Cordell v. Scott, 1961, 79 S.D. 316, 111 N.W.2d 594, we believe the trial court was correct in the exercise of its discretion. The jury was properly instructed on the issues of negligence, contributory negligence, comparative negligence, burden of proof, and proximate cause. Upon examination of the record it appears that the defendant could well have anticipated that someone would cross Main Street at the

---

* Albers v. Ottenbacher, 1962, 79 S.D. 637, 116 N.W.2d 529; Grob v. Hahn, 1963, 80 S.D. 271, 122 N.W.2d 460.

particular time and place involved herein. Therefore, absent the element of "surprise", the instruction was, in this case, unnecessary and the defendant was properly precluded from arguing the accident was unavoidable.

There are other errors assigned and discussed, but upon our review of the record and authorities we consider them to be without merit.

Judgment is affirmed.

WINANS and DUNN, JJ., concur.

BIEGELMEIER, C. J., and WOLLMAN, J., dissent.

BIEGELMEIER, Chief Justice (dissenting).

The facts here are that plaintiff alighted from a car at approximately 10:30 at night and proceeded to cross the street, not at a crosswalk as required by SDCL 32-27-4, but in the middle of the city block; she saw cars coming from the south and north, and when she had walked to a point just past the center of the street she was struck by a car coming from the north. That was generally how the accident occurred in Nugent v. Quam, 82 S.D. 583, 152 N.W.2d 371, except in that case plaintiff Nugent's proof was more favorable as it was 5:30 p.m. near a crosswalk on a street in Mitchell; however, plaintiff was a 79-year-old man. There was a jury verdict for plaintiff Nugent.

The majority in Nugent v. Quam, supra, held that the "(trial) court correctly instructed the jury that the plaintiff was guilty of negligence as a matter of law in crossing" the street in that manner, and then held that "[t]he evidence also establishes that plaintiff's negligence was a contributing cause of the accident" as a matter of law. After some consideration of our comparative negligence statute, this court reversed the judgment for plaintiff and dismissed the action.

The majority opinion here does not mention Nugent or distinguish it on the very point there decided for it states the question in these words:

"It is the defendant's first contention that the plaintiff should be held contributorily negligent as a matter of law in that she was in violation of SDCL 32-27-4 ('jaywalking' statute)."

The opinion then agrees with the Nugent rule of law by writing:

"Failure to follow the statute involved constitutes a breach of the legal duty imposed and fixed by such statute. Since negligence is a breach of a legal duty, the violator of a statute is then negligent as a matter of law."

From the majority statement of the law and the Nugent opinion it was error for the trial court to refuse defendant's proposed instruction embodying the duty of a pedestrian set forth in SDCL 32-27-4.

Apparently, assuming the standard of negligence fixed by this statute and noncited Nugent, the opinion exempts plaintiff from the standard of conduct required by the foregoing statements in the court's opinion, and proceeds with a discourse on the subject of objective and subjective standards as applied to minors. The majority cites opinions of this court which on examination either relate to wanton conduct, a deliberate wrong or conduct of persons of ages which may be termed infants rather than minors.

Perhaps a review of the authorities cited by the majority is in order. The Wittmeier v. Post opinion did not involve an "ordinary negligence action" about which the court cited and quoted from the Restatement (at 78 S.D. 526, 105 N.W.2d 65), for it said:

"However, we are *not* here concerned with liability for *simple* negligence.

"Negligence is the failure to exercise ordinary care under the circumstances. Intent is not an essential ele-

ment. Wilful and wanton misconduct on the other hand involves something more. It involves 'conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong'." (Emphasis supplied)

It was this "Wilful and wanton misconduct" alleged in Wittmeier that the court was dealing with, and to which the comments are directed (such as normal adult activity and subjective and objective standards, etc.), not simple negligence of which it is claimed plaintiff is charged with here. Our statutes make a minor liable for all wrongful acts, for by SDCL 26-1-4 a minor is held liable "in like manner as any other person" although he may not be liable for exemplary damages unless he was capable of knowing the act was wrongful.

As to the Finch v. Christensen citation, that opinion made no mention of a subjective or objective standard. Finch involved an 11-year-old child; the opinions cited therein of Cameron v. Miller, 43 S.D. 429, 180 N.W. 71, involved a 12-year-old and Doyen v. Lamb, 74 S.D. 126, 49 N.W.2d 382, a child under 6 years. As authority for the statement that this court has in prior decisions held contributory negligence a question for the jury, the majority opinion again cites Finch v. Christensen, supra, involving an 11-year-old, Stone v. Hinsvark, a 5-year-old, and Alendal v. Madsen, a 12½-year-old child. While a 6, 8, 10 or even a 12-year-old child may not be held to the standard of an adult, a high school student nearly 16 years old should be held to know the dangers of crossing a street at an unfavored or prohibited place, and should be charged with negligence as a matter of law as much as was the 79-year-old man in Nugent.

The quotation from the Iowa Supreme Court opinion, Rosenau v. City of Estherville, 1972, Iowa, 199 N.W.2d 125, cited by the majority is not authority for a "rule-of-the-road standard", here applicable, for the court said of injuries received from a large "fused device" carelessly left in a park after a fireworks display that:

"The city relies solely on our decisions holding violation of a rule-of-the-road statute fixing the standard of care, in absence of legal excuse, is negligence per se. We have not extended this rigid rule to other tort cases involving breach of a statute or ordinance."

While plaintiff here is in a category declared by the legislature to be a minor (SDCL 26-1-1), she was born August 4, 1954, and thus on the date of the accident, April 24, 1970, was within less than four months of her 16th birthday, at which age she would be capable of consenting to marriage (SDCL 25-1-9), and at 18 no longer a minor but an adult able to sell all her property (SDCL 26-1-1) and vote in all elections (Art. VII, § 1, S.D. Constitution, as amended). Such being the present stated age of minors and the recent reduction of the age for persons to exercise all rights of property and responsibility, the court should not raise the age of responsibility for their negligence from 5 and 12½ years, stated in its earlier opinions, to plaintiff's age group.

From the foregoing it does not follow that the court should have directed its verdict in favor of defendant. Had the refused instruction been given, as it was in Nugent, it may well be that consistent with my dissent in that appeal, I would have voted with the majority to affirm a verdict for plaintiff. Cf. Bassil v. Fay, 267 Wis. 265, 64 N.W.2d 826. But the jury was not instructed on the jaywalking negligence feature, which would have permitted it to consider and reduce its verdict by reason thereof. Though I disagreed with the result in Nugent, that opinion is binding until the court overrules it; however, the majority opinion does not do so nor make any reference to it. The failure to give the instruction was prejudicial error and requires me to dissent.

I am authorized to state that Justice WOLLMAN joins in this dissent.