KERN, Justice
(concurring specially).
[¶ 18.] I write specially to emphasize that the unavoidable accident instruction given in this case was improper. We said in Meyer v. Johnson that the “unavoidable accident instruction usually is unnecessary.” 254 N.W.2d 107, 110 (S.D.1977) (quoting Cordell v. Scott, 79 S.D. 316, 322-23, 111 N.W.2d 594, 598 (1961)). This is because “[i]n the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause.” Id. (quoting Cordell, 79 S.D. at 322, 111 N.W.2d at 598). Further, we remarked that the instruction may be proper in a case “where there is evidence that something other than the negligence of one of the parties caused the mishap.” Id. (quoting Cordell, 79 S.D. at 323, 111 N.W.2d at 598). We have also stated that the element of surprise is necessary to warrant the instruction. Alley v. Siepman, 87 S.D. 670, 678, 214 N.W.2d 7, 11 (1974).
*872 [¶ 19.] We employ an objective test to assess whether a certain phenomenon may constitute a viable “surprise” worthy of an unavoidable accident instruction. See id. at 677-78, 214 N.W.2d at 11. In Howard v. Sanborn, we held that the unavoidable accident instruction was not proper where the incident was reasonably foreseeable. 483 N.W.2d 796, 799 (S.D.1992). We determined that blinding headlights do not satisfy the surprise element for an unavoidable accident instruction. Id. “ ‘[B]linding headlights ... [are] not an intervening cause’ ” of a collision, but are among the known conditions that impose a duty on drivers to exercise ordinary care. Id. (quoting 2 Blashfield Automobile Law & Practice § 53.6). Furthermore, the Court noted that rather than excusing liability, the sudden presence of a blinding light would call for increased care by a motorist, such as “a diminution of speed.” Id. (citing Pleinis v. Wilson Storage & Transfer Co., 75 S.D. 397, 400, 66 N.W.2d 68, 71 (1954)). The same rationale applies here. Sunlight reflecting on a clear summer’s day is a condition known to drivers or, at the very least, a condition of which a reasonably prudent driver should be aware. There was no objective basis to warrant the unavoidable accident instruction in this case.
[¶ 20.] When we first addressed the unavoidable accident doctrine in Cordell, we elected to severely limit the use of this instruction. 79 S.D. at 320, 111 N.W.2d at 596. Particularly relevant here, however, is the language we quoted from the California Supreme Court:
The instruction is not only unnecessary, but it is also confusing. When the jurors are told that ‘in law we recognize what is termed an unavoidable or inevitable accident’ they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate-causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and -proximate cause can lead only to misunderstanding.
Id. at 320-21, 111 N.W.2d at 597 (emphasis added) (quoting Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 505 (1958)). This is especially true in this case where the error of giving the unavoidable accident instruction was compounded by the reference to the unavoidable accident defense within instructions 20 and 21 (safety statute instructions).[4] The reference had *873 the potential to further confuse the jury and gave undue emphasis to the unwarranted unavoidable accident instruction.
[¶ 21.] Our pattern jury instructions make no recommendation as to a proper formulation of the unavoidable accident instruction. See South Dakota Pattern Jury Instruction 20-30-10. This is likely because the propriety of the instruction is dependent upon the facts of the case, and its use is disfavored. Indeed, we have found that the use of the instruction is inappropriate or constitutes reversible error in a significant majority of cases.[5]
[¶ 22.] When we decided the Cordell case in 1961, we noted that California’s rejection of the unavoidable accident instruction was “unique.” 79 S.D. at 320, 111 N.W.2d at 596. Today, however, 21 States and the District of Columbia have abandoned the unavoidable accident instruction and 15 States have severely criticized or limited it. Hancock-Underwood v. Knight, 277 Va. 127, 670 S.E.2d 720, 723 (2009).[6] Certainly our own precedents and this national trend are cause to question the continued use of the unavoidable accident instruction.
[¶23.] Based on the evidence in this case, unavoidability should not have been an issue, and the circuit court erred when it gave the unavoidable accident instruction. Even so, I must concur with the Court’s decision to affirm the jury verdict because a general verdict form was used at trial. The use of this verdict form prevents us from determining whether the jury concluded that DeBoer was not at fault, or that DeBoer was at fault but Lenards’ alleged damages were not caused by the accident or established by the evidence. See majority opinion supra ¶¶ 14-15. It is settled law that we are bound to “assume that [the case] was decided on the proper theory.” Thomas, 2001 S.D. 73, ¶ 7, 629 N.W.2d at 592 (quoting Eberle, 266 N.W.2d at 258).

. Jury instruction 20 provided:
A safely statute in this state provides:
Any person who drives any vehicle upon a highway carelessly and without due caution, at a speed or in a manner so as to endanger any person or property is guilty of careless driving.
Pleading guilty to such a violation does not conclusively establish the violation, but constitutes an admission against interests.
This statute sets the standard of care of a reasonable person. If you determine that John DeBoer violated it, his violation is negligence unless you find that the accident was unavoidable.
(Emphasis added.)
Jury instruction 21 provided:
A safety statute in this state provides:
The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway.
This statute sets the standard of care of a reasonable person. If you determine that *873 John DeBoer violated it, his violation is negligence unless you find that the accident was unavoidable.
(Emphasis added.)

. This Court affirmed the denial of the instruction in the following cases: Boyd v. Alguire, 82 S.D. 684, 693, 153 N.W.2d 192, 197 (1967); Alley, 87 S.D. at 677-78, 214 N.W.2d at 11; Carpenter v. City of Belle Fourche, 2000 S.D. 55, ¶ 32, 609 N.W.2d 751, 764. In the following cases, the use of the instruction was determined to be error: Meyer, 254 N.W.2d at 110; Del Vecchio v. Lund, 293 N.W.2d 474, 476 (S.D.1980); Plucker v. Kappler, 311 N.W.2d 924, 925 (S.D.1981); Hoffman v. Royer, 359 N.W.2d 387, 389 (S.D.1984); Stevens v. Wood Sawmill, Inc., 426 N.W.2d 13, 17 (S.D.1988); Howard, 483 N.W.2d at 799. On three occasions, the Court held that the giving of the instruction was not reversible error: Cordell, 79 S.D. at 323, 111 N.W.2d at 598; Herman v. Spiegler, 82 S.D. 339, 343-44, 145 N.W.2d 916, 918 (1966); Artz v. Meyers, 1999 S.D. 156, ¶ 17, 603 N.W.2d 532, 536.

. In Knight, the Virginia Supreme Court stated:
"Upon review of the decisions of the highest courts of the various states, it appears that twenty states [(now twenty-one states including Virginia) ] and the District of Columbia do not permit [the unavoidable accident] instruction under any circumstance; fifteen states have strongly criticized the instruction but allow it in rare circumstances; nine states appear to allow the instruction; and the highest courts of five states have not addressed the issue.”
Knight, at 723 (footnotes omitted). For a full list of the cases indicating each jurisdiction’s disposition on the unavoidable accident instruction, see Knight, at 723 nn. 1-4.